UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALI MUSLEH HADEES,

                                  **Plaintiff,**

v.                                        5:15-CV-1087

**JEH JOHNSON,** Secretary, Department of
Homeland Security, *et al.*,

                                  **Defendants.**
_____

**Thomas J. McAvoy, S.U.S.D.J.**

## DECISION & ORDER

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the instant action brought by Plaintiff Ali Musleh Hadees. Plaintiff challenges the United States Citizenship and Immigrant Services' revocation of his Form I-130 Petition for an Alien Relative. The parties have briefed the issues and the Court has determined to decide the matter without oral argument.

### II. BACKGROUND

Plaintiff is a lawful permanent resident of the United States. Complaint ("Cmplt."), dkt. # 8 at ¶ 6. Plaintiff was convicted of sexual abuse in the third degree in violation of New York Penal Law § 130.55 in 1997; the case involved sexual contact with a minor. Id. at ¶ 8. On September 5, 2002, Plaintiff alleges that he filed an I-130 petition for an immigrant visa for his spouse. Id. at ¶ 6. In 2006 Congress passed the Adam Walsh Act "to protect the public from sex offenders and offenders against children[.]" 42 U.S.C. § 16901. The Adam Wash Act in part amended the Immigration and Nationality Act to preclude a lawful permanent resident of the United States who has been "convicted of a

1

specified offense against a minor" from petitioning for an immigrant relative "unless the Secretary of Homeland Security, in the Secretary's sole and unreivewable discretion, determines that the [permanent resident] poses no risk to the alien with respect to whom a petition . . . is filed." 8 U.S.C. § 1154.

Defendants denied Plaintiff's petition on January 20, 2010. Complt. at ¶ 26. Plaintiff appealed that decision to the Board of Immigration Appeals, which remanded the petition back to the Defendants. Id. at ¶ 27. On March 10, 2015, Defendants again denied the petition, citing the Adam Walsh Act and referencing Plaintiff's 1997 conviction. Id. at ¶ 7. Plaintiff again appealed, and the Board of Immigration Appeals dismissed that appeal on April 30, 2015. Id. at ¶ 30. Plaintiff filed the instant action on September 4, 2015, claiming several constitutional violations and violations of the Administrative Procedures Act. Defendants moved to dismiss the Complaint.

## II.     LEGAL STANDARD

Defendants move to dismiss pursuant to two Federal Rules of Civil Procedure, Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). As the standard for Rule 12(b)(1) are dispositive, the Court will discuss only those. Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a claim for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). In resolving such a motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." Raila v. United States, 255 F.3d 118, 119 (2d Cir. 2004). A court may dismiss an action only when "it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." Id. When a party moves to dismiss a claim on Rule 12(b)(1) and other grounds, the Court is to "consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and

2

objections become moot and do not need to be determined.'" Rhulen Agency v. Alabama Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1350, p. 548 (1969)).

**III. ANALYSIS**

The Court construes the Plaintiff's Complaint as a petition for review of the BIA's decision to deny his immigration petition. Defendant argues that the Court lacks jurisdiction to consider the instant matter because it arises from the BIA's denial of his immigration petition. The Court agrees.

Federal law provides that "no court shall have jurisdiction to review . . . any other decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the . . . the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). This proscription applies to agency decisions made discretionary by statute. Kucana v. Holder, 558 U.S. 233, 237 (2010). As explained above, the provision here in question provides that the Secretary of Homeland Security has "sole and unreviewable discretion" to decide whether a person convicted of specified offense against a minor, poses "no risk" to the alien beneficiary for whom the petition has been filed. 8 U.S.C. § 1154(a)(1)(B)(i)(ii). Based on this provision, the Court lacks the jurisdiction to entertain Plaintiff's Complaint, and the case must be dismissed.

Plaintiff asserts violations of the United States Constitution and the Administrative Procedure Act. Courts are clear, however, that "a petitioner cannot us[e] the rhetoric of a constitutional claim or question of law to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." Rosario v. Holder, 627 F.3d 58, 62 (2d Cir. 2010) (citing Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir. 2008)). Plaintiff's constitutional and administrative-procedure complaints arise from his dissatisfaction with

3

the decision on his immigration petition, and thus represent an attempt to convert such a complaint about an agency decision into a constitutional claim. Such claims provide no basis for relief.

The Court will therefore grant the Defendant's motion and dismiss the Complaint.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, dkt. # 9, is hereby GRANTED.

**IT IS SO ORDERED**.

Dated: September 23, 2016

Thomas J. McAvoy
Senior, U.S. District Judge